**WO**                                                                                                           RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gilbert Raymond Olea,<br><br>    Plaintiff,<br><br>vs.<br><br>Joseph M. Arpaio, et al.,<br><br>    Defendants. | No. CV 06-2851-PHX-MHM (JRI)<br><br>**ORDER** |

On November 28, 2006, Plaintiff Gilbert Raymond Olea, formerly confined in the Maricopa County Towers Jail, filed a *pro se* civil rights Complaint (Doc. #1) pursuant to 42 U.S.C. § 1983. Plaintiff did not pay the $350.00 civil action filing fee but filed an uncertified Application to Proceed *In Forma Pauperis*.

By Order filed December 11, 2006 (Doc. #3), Plaintiff's Application to Proceed *In Forma Pauperis* was denied without prejudice and Plaintiff was given 30 days to either pay the $350.00 filing fee or file a new Application to Proceed *In Forma Pauperis* and a six-month trust account statement.

On December 29, 2006, Plaintiff filed a new Application to Proceed *In Forma Pauperis* (Doc. #4) and a six-month trust account statement.

**I.     Failure to Notify Court of Current Address**

While he was confined in the Maricopa County Towers Jail, Plaintiff filed three civil actions in this Court, including the instant action (CV 06-2536-PHX-MHM (JRI), CV 06-

2608-PHX-MHM (JRI), and CV 06-2851-PHX-MHM (JRI)). Two civil actions that he filed in the District of Columbia were also transferred to this Court (CV 06-3086-PHX-MHM (JRI) and CV 07-169-PHX-MHM (JRI)). On May 23, 2007, the Court filed an Order in CV 06-3086-PHX-MHM (JRI) (Doc. #10). On May 24, 2007, the Court also filed an Order in CV 07-169-PHX-MHM (JRI) (Doc. #10). Copies of both Orders were mailed by the Clerk of Court to Plaintiff at his last known address at the Maricopa County Towers Jail. The envelopes containing the copies of the Orders were both returned to the Clerk of Court with the notations "Returned To Sender" and "Not in Custody." Judgments of dismissal have subsequently been entered in both CV 06-3086-PHX-MHM (JRI) and CV 07-169-PHX-MHM (JRI) for failure to comply with the Court's Orders.

On March 7, 2007, Plaintiff filed a "Notice of Address Change" in all five of his cases notifying the Court that he had been sentenced to the Arizona Department of Corrections, that he did not know where he would be sent or housed, and that upon reaching his new address he would inform this Court. Since then, almost five months have elapsed and Plaintiff has failed to file a Notice of Change of Address or to in any way notify the Court of his whereabouts. Accordingly, the Court has been unable to proceed in any of his remaining three cases.

Rule 3.4(a) of the Local Rules of Civil Procedure requires that an incarcerated litigant comply with the instructions attached to the court-approved Complaint form. Those instructions state: "You must immediately notify the clerk . . . in writing of any change in your mailing address. **Failure to notify the court of any change in your mailing address may result in the dismissal of your case**."

Also, in its Notice of Assignment (Doc. #2) the Court warned Plaintiff that "[f]ailure to comply with the following rules will result in your document being STRUCK and/or your case being DISMISSED." One of the rules listed was that "[y]ou must file a Notice of Change of Address if your address changes."

**II.   Failure to Prosecute**

Plaintiff has the general duty to prosecute this case. Fidelity Philadelphia Trust Co.

v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court appraised of his or her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. Id. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without

1  Plaintiff's current address, however, certain alternatives are bound to be futile.  Here, as in
2  Carey, "[a]n order to show cause why dismissal is not warranted or an order imposing
3  sanctions would only find itself taking a round trip tour through the United States mail."  856
4  F.2d at 1441.

5        The Court finds that only one less drastic sanction is realistically available.  Rule
6  41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the
7  merits "[u]nless the court in its order for dismissal otherwise specifies."  In the instant case,
8  the Court finds that a dismissal with prejudice would be unnecessarily harsh.  The Complaint
9  and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the
10 Federal Rules of Civil Procedure and Plaintiff's Application to Proceed *In Forma Pauperis*
11 (Doc. #4) will be denied as moot.

12       **IT IS ORDERED**:

13       (1)  Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #4) is **denied as
14 moot.**

15       (2)  The Complaint (Doc. #1) and this action are **dismissed without prejudice**
16 pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute, and
17 the Clerk of Court **must enter judgment** accordingly.

18       DATED this 6th day of August, 2007.

_____
Mary H. Murguia
United States District Judge